UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT KOLKOWSKI,
WENDY KOLKOWSKI,

    Plaintiffs,

  v.          Case No. 16-CV-526

OCONTO COUNTY ZONING DEPARTMENT,
KEVIN J. BREHMER, CHERYL ANN MICK,
JAY N. CONLEY, MICHAEL T. JUDGE,
PATRICK NORMAN VIRTUES,

    Defendants.

---

## ORDER GRANTING MOTION TO DISMISS ACTION AGAINST DEFENDANTS JAY CONLEY AND MICHAEL JUDGE

---

Plaintiffs Robert and Wendy Kolkowski bring this civil rights action under 42 U.S.C. § 1983 against the Oconto County Zoning Department, Kevin J. Brehmer, Cheryl Ann Mick, Jay N. Conley, Michael T. Judge, and Patrick Norman Virtues. The plaintiffs allege that the defendants unlawfully denied them due process and took their property without compensation by rezoning their farm property to commercial use (as a salvage yard/junk yard), and their transportable semi-trailers to accessory structures. Plaintiffs further allege that the rezoning resulted in fines and the detention of Robert Kolkowski in the county jail. They seek injunctive relief and damages. The complaint does not identify any specific unlawful conduct by Judge Conley or Judge Judge. This case is presently before the Court on Defendants Jay Conley and Michael Judge's motion to dismiss on the grounds of judicial immunity, Eleventh Amendment immunity, the *Rooker-Feldman* doctrine, and

the abstention doctrine. The time for Plaintiffs to file a response has elapsed and Plaintiffs have made no opposition to the motion. Civil L.R. 7(b). For the reasons stated below, Defendants' motion to dismiss will be granted.

In addition to failing to identify any unlawful acts taken by Judge Conley or by Judge Judge, Plaintiffs fail to identify any action that is not a judicial action. As such, this action against Judge Conley and Judge Judge is barred by judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). Also, if Plaintiffs seek damages in this action against Judge Conley and Judge Judge in their official capacity, the action is barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Insofar as the plaintiffs seek review of any state court order or judgment, this action is barred by the *Rooker-Feldman* doctrine. *Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996) ("As a result, litigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court."). To the extent Plaintiffs ask this court to enjoin any pending state court actions, I abstain and deny their request on the grounds of equity, comity, and federalism. *See Mitchum v. Foster*, 407 U.S. 225, 243 (1972).

## ORDER

**IT IS THEREFORE ORDERED** that Defendants Conley and Judge's motion to dismiss (ECF No. 8) is **GRANTED**. The claims against Defendants Jay Conley and Michael Judge are dismissed. The Clerk is directed to set this case for a telephone scheduling conference with the remaining parties.

Dated this ___7th___ day of July, 2016.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

2