UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT KOLKOWSKI and
WENDY KOLKOWSKI,

        Plaintiffs,

v.                                 Case No. 16-C-526

OCONTO COUNTY ZONING DEPARTMENT,
KEVIN J. BREHMER, CHERYL ANN MICK,
and PATRICK NORMAN VIRTUES,

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs Robert and Wendy Kolkowski bring this civil rights action under 42 U.S.C. § 1983 against all Defendants, alleging that the unlawful imposition of zoning citations on their property amounted to a constitutional violation. Plaintiffs further allege that the rezoning resulted in fines and the detention of Robert Kolkowski in the county jail. This case is presently before the Court on Defendants' motion for summary judgment. For the reasons stated below, Defendants' motion for summary judgment will be granted.

### BACKGROUND

The facts of this case are largely undisputed. On October 13, 2015, the Oconto County Zoning Department conducted an on-site inspection of Robert and Wendy Kolkowski's property located at 1321 Yurek Road, Pulaski, Wisconsin 54162, in Oconto County. (ECF No. 44-1.) The purpose of the inspection was to determine whether the property was in violation of the Oconto County Zoning Ordinance. The Department, though Kevin Brehmer, the Oconto County Assistant

Zoning Administrator, determined that the property was in violation of several sections of the ordinance: 14.303 Definitions Salvage/Junk Yard; 14.402(8)(b)–(c) Accessory Structures; 14.406 Compliance; 14.3202 Liability; and 16.118 Proper Disposal of Garbage and Recyclables. (*Id.* at 2.) The Department issued a letter to Plaintiffs, informing them that they had until November 11, 2015 to bring their property into compliance. (*Id.*) After Plaintiffs failed to bring their property into compliance, the Department issued one citation for operating a salvage/junk yard without permits and another citation for having three or more semi-trailers on the property. (ECF No. 39-1 at 10.) Plaintiffs do not dispute that they have three semi-trailers, metal farm equipment, spare tires, and racked metal on their property. (ECF No. 43 at ¶¶ 10–13.) Instead, they claim they need the equipment to take care of the life God gifted to them and that they cannot come into compliance with the Oconto County Zoning Ordinances without conflicting with their duty to God. (*Id.* at ¶¶ 7, 15.)

The Oconto County Circuit Court held a trial on the zoning citations issued to Robert Kolkowski on December 21, 2015. (ECF No. 39-1.) Corporation Counsel Cheryl A. Mick appeared on behalf of Oconto County as the prosecuting attorney for the citations issued by the Octono County Zoning Department. Brehmer testified regarding the inspection, the ordinance, and the process by which the Department issued the citations. (*Id.* at 4–11.) Kolkowski alleged the County failed to establish jurisdiction, but raised no other arguments. (*Id.* at 12–20.) The circuit court found Kolkowski guilty of both citations, assessed a fine of $515.50 on each citation, and ordered compliance within 30 days and payment within 60 days. (*Id.* at 19.) Kolkowski appealed the imposition of the civil forfeitures. Additional citations for noncompliance were issued to both Robert and Wendy Kolkowski on February 3, 2016. (ECF No. 44 at 3–4.) Robert Kolkowski served 8 days

2

in jail for failing to bring his property into compliance. (*Id.*)

On January 15, 2016, Plaintiffs filed a lawsuit in the Oconto County Circuit Court against Mick, alleging she intentionally impaired the obligations of a contract through her "illegal processing" and prosecution of the zoning citations. (ECF No. 39-2.) On February 24, 2016, Plaintiffs filed a lawsuit in the Oconto County Circuit Court against Brehmer, alleging that they were deprived constitutional due process because their property is strictly private and thus the issued citations do not apply to their property. (ECF No. 39-3.) The two cases were consolidated and on May 16, 2016, the Oconto County Circuit Court granted the defendants' motion for summary judgment and dismissed the cases with prejudice. (ECF No. 39-7.) The circuit court found that lawsuits amounted to impermissible collateral attacks on the earlier forfeiture judgments and were an attempt to raise arguments that had been waived. (ECF No. 39-6 at 8.) Plaintiffs did not appeal the judgment dismissing their Oconto County lawsuits.

Robert and Wendy Kolkowski filed this action on May 2, 2016, alleging claims against the Oconto County Zoning Department, Brehmer, Mick, Judge Jay Conley, Judge Michael Judge, and Patrick Norman Virtues, the Oconto County Zoning Administrator. Their complaint alleges that Defendants participated in converting their equipment and property from private farm use to commercial and residential use in violation of federal law. Specifically, Plaintiffs "seek injunctive relief against Defendants for violations of their natural and inalienable rights, due process violations, and takings claims under 42 U.S.C. § 1983." (ECF No. 31 at 1.) This court dismissed the claims against Judge Conley and Judge Judge on the grounds of judicial immunity. The remaining Defendants moved for summary judgment on December 12, 2016. In their brief in opposition, Plaintiffs argued for the first time that the Oconto County Zoning Ordinance enforced by Defendants

3

amounted to an unconstitutional infringement of Plaintiffs' religious freedoms. (ECF No. 42.)

On January 24, 2017, the Wisconsin Court of Appeals affirmed the Oconto County Circuit Court's judgments imposing civil forfeitures for Robert Kolkowski's violations of zoning ordinances. *See Oconto Cnty. v. Robert J. Kolkowski*, Nos. 2016-AP-264, 2016-AP-265, 2017 WL 389322 (Wis. Ct. App. Jan. 24, 2017). Kolkowski raised several arguments on appeal: "(1) the County violated his First, Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendment rights, although his argument as to how the County allegedly did so is unclear; (2) the ordinances charged against him are constitutionally void for vagueness; and (3) the circuit court lacked jurisdiction over him." *Id.* at *1. The court held Kolkowski forfeited his right to argue the constitutional issues on appeal by failing to argue the issues before the circuit court. *Id.* The court also found that the circuit court properly determined jurisdiction was present and that there was no evidence demonstrating any circuit court error. *Id.* at *2.

## LEGAL STANDARD

A motion for summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where factual disputes do exist, the non-movant's version of events is accepted as true at this stage of the proceedings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The mere existence of some factual dispute does not defeat a summary judgment motion; however, there must be a *genuine* issue of *material* fact for the cause of action to survive. *Id.* at 247–48. "Material" means that the factual dispute must be outcome-determinative under governing law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). Failure to support any essential element of a claim renders all other facts immaterial. *Celotex*, 477 U.S. at 323.

A "genuine" issue of material fact requires specific and sufficient evidence that, if believed by a jury, would actually support a verdict in the nonmovant's favor. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 249. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

Defendants argue that summary judgment is appropriate under the doctrine of claim preclusion because Plaintiffs had the opportunity to litigate all of their claims in the Oconto County Circuit Court and failed to do so. They also raise several arguments addressing the merits of Plaintiffs' claims. Rather than address any of Defendants' arguments, Plaintiffs instead alleged in their brief opposing summary judgment that Defendants' actions infringed upon their free exercise of religion. Because I conclude that Plaintiffs' claims are barred by claim preclusion, I need not address Defendants' other arguments.

Wisconsin law provides that three factors must be present in order for a claim to be precluded in a later action: (1) identity between the parties or their privies in the prior and present suits; (2) prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) identity of the causes of action in the two suits. *Froebel v. Meyer*, 217 F.3d 928, 933 (7th Cir. 2000); *Sopha v. Owens–Corning Fiberglas Corp.*, 230 Wis. 2d 212, 233–34, 601 N.W.2d 627 (1999). "For claim preclusion to apply, the actual litigation of the issue is not required. The earlier judgment is conclusive as to 'all matters which were litigated *or which might have been litigated* in that proceeding.'" *Wilhelm v. Cnty. of Milwaukee*, 325 F.3d 843, 846–47 (7th Cir. 2003) (citing *Jantzen v. Baker*, 131 Wis. 2d 507, 511, 388 N.W.2d 660 (1986)) (emphasis in *Jantzen*).

5

Plaintiffs filed lawsuits in the Oconto County Circuit Court against Mick and Brehmer in January and February 2016. Although the Oconto County Zoning Department and Patrick Virtues were not named in those suits, they are in privity with the other parties for the purposes of claim preclusion. In Wisconsin, the test to determine whether a party from an earlier proceeding is in privity with a nonparty is whether an absolute identity of interest exists to the extent that the interests of the nonparty were represented in the first action. *See Pasko v. City of Milwaukee*, 2002 WI 33, ¶ 18, 252 Wis. 2d 1, 643 N.W.2d 72. Here, Plaintiffs brought state law claims against Brehmer in his role as the Zoning Administrator who elected to issue a noncompliance citation. Patrick Virtues is the Oconto County Zoning Administrator, whose roles include supervising the Oconto County Zoning Department and Brehmer. Prior to issuing the zoning citations to Plaintiffs, Brehmer discussed the citations with Virtues and the two agreed the citations were appropriate under the circumstances. (ECF No. 38 at ¶ 4.) All defendants therefore have an identical identity of interests based upon the underlying facts of this case.

As to the second factor, Plaintiffs' prior litigation in the Oconto County Circuit Court resulted in a judgment on the merits in a court with jurisdiction. The circuit court issued an oral decision on May 16, 2016 granting Mick and Brehmer's motion for judgment and dismissed Oconto County Case Nos. 16-SC-12 and 16-SC-123 with prejudice. In its decision, the circuit court found that Brehmer and Mick properly acted in a discretionary manner in issuing and prosecuting the noncompliance citations, respectively.

The lawsuits filed in Oconto County Circuit Court and Plaintiffs' complaint in this court serve as Plaintiffs' attempts to attack the validity of not only the circuit court's judgment in imposing the forfeitures, but also the validity of the Oconto County Zoning Ordinance as applied to their property.

The actions arise from the same transaction: the Kolkowski property's nonconformance with the ordinance and the decision by the Oconto County Zoning Department to issue citations. "The Wisconsin courts focus on facts, not legal theories, to determine whether an action is precluded." *Froebel*, 217 F.3d at 934. Accordingly, there exists an identity of the causes of action between Plaintiffs' case in this court and the prior cases filed in the Oconto County Circuit Court. Whether Plaintiffs did or did not assert a due process, takings, or free exercise of religion claim in the state proceedings makes no difference. The fact that they were free to do so is enough to preclude their raising it here.

Plaintiffs chose to file lawsuits challenging the validity of their zoning nonconformance citations in the Octono County Circuit Court. That court then entered judgment against them. Because the claims Plaintiffs now raise here could have been brought during their state court proceedings, their claim is thus precluded.

## CONCLUSION

For the reasons given above, I conclude that Plaintiffs' claims are precluded based upon their previous state court litigation. Defendants' motion for summary judgment (ECF No. 36) is **GRANTED** and this case will be dismissed. The Clerk is directed to enter judgment forthwith.

**SO ORDERED** this __8th__ day of February, 2017.

        s/ William C. Griesbach
        William C. Griesbach, Chief Judge
        United States District Court